IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| **AON CORP. WAGE & HOUR EMPLOYMENT PRACTICES LITIGATION** | No. 08 CV 5802<br><br>Honorable Judge Charles P. Kocoras<br>Magistrate Judge Susan E. Cox |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' REQUEST TO CALCULATE OVERTIME DAMAGES UNDER A "TIME AND A HALF" METHODOLOGY**

**I.  INTRODUCTION**

Just last month, the Seventh Circuit held that overtime damages must be calculated at **one-half** the employee's regular hourly rate in wage and hour misclassification cases, such as this, if the parties have agreed that an employee's salary is intended to compensate that individual for all hours worked in a given week. Urnikis-Negro v. Am. Family Prop. Servs., No. 08-cv-3117, 2010 U.S. App. LEXIS 16126, at *2-3 (7th Cir. Aug. 4, 2010). Defendants Aon Risk Services, Inc. of Maryland, Aon Risk Services Northeast, Inc. and Aon Risk Services Companies, Inc. (collectively "Aon") thus seek partial summary judgment to dismiss Plaintiffs' requests for overtime damages calculated at **one and one-half times** the employee's regular hourly rate.

The undisputed record here confirms that, as in Urnikis-Negro, the parties understood that Plaintiffs' respective salaries were intended to compensate Plaintiffs for all hours worked in a given week. This Court should therefore enter partial summary judgment in favor of Aon on Plaintiffs' requests for overtime damages under a "time and one-half" calculation method. This

Court should further order that the fluctuating work week (or "FWW") calculation method, applying a "half time" multiplier, must be used to determine unpaid overtime damages in the unlikely event that any of the Plaintiffs establish liability.

## II.     SUMMARY OF STATEMENT OF UNDISPUTED MATERIAL FACTS

### A.     The Parties And Claims In The Two Actions Before This Court

This multidistrict litigation proceeding encompasses two class action lawsuits, one involving certain Aon employees in Illinois and one involving certain Aon employees in New York. (SOF ¶¶ 1-3).

Plaintiffs Angela Piersanti, Joyce Cooper and Denise Miller worked in client specialist positions at Aon's Glenview, Illinois Client Services Unit ("CSU"). They claim in the "Illinois action," that they and other client specialists in Illinois were misclassified as exempt from the overtime pay regulations under the Illinois Minimum Wage Law ("IMWL") and the Illinois Wage Payment and Collection Act. (SOF ¶ 1).

Plaintiff Denise Miller also worked in a client specialist position at Aon's New York CSU. (SOF ¶ 2). Plaintiffs Maurice Craig, Janet Holmes and Wendy Caesar held specialist positions in Aon's New York Policy Maintenance Unit ("PMU"). The New York CSU and PMU closed in 2007. (SOF ¶ 2). Miller and the other Plaintiffs who worked in the New York location allege in the "New York action," that they were misclassified as exempt under the Fair Labor Standards Act ("FLSA"). (SOF ¶ 3). As explained below, because the same legal principles apply to claims under both the IMWL and FLSA, this Court should grant Aon's motion for partial summary judgment in both of the pending actions.

### B.     Plaintiffs' Salary Was Intended To Compensate Plaintiffs For All Hours Worked

Aon routinely advised Plaintiffs when they were hired into the CSU or PMU that their

-2-

positions were classified as exempt and that Plaintiffs would be paid fixed salaries. (SOF ¶ 7). Aon also notified Plaintiffs that their work hours would vary from week to week depending upon business needs, and that their fixed salaries were intended to compensate them for all the hours they worked. (SOF ¶¶ 7-9). Plaintiffs understood that they would not be paid on an hourly basis and would not be paid additional compensation for overtime. (SOF ¶ 10).

Aon also maintained and disseminated an Employee Handbook at all relevant times. (SOF ¶ 12). Plaintiffs acknowledged receipt of, or electronic access to, the Employee Handbook soon after their hire. (SOF ¶ 13). Since at least 2002, Plaintiffs also had access to the Employee Handbook and its provisions through an internal intranet called the Knowledge Exchange. (SOF ¶ 15). The Employee Handbook addressed, among other things, employee compensation and exempt status. (SOF ¶ 16). The Employee Handbook explained that individuals who held exempt positions, such as those held by Plaintiffs, were not entitled to overtime pay and would not have pay docked for most partial-day absences. (SOF ¶ 17). The Employee Handbook also explicitly provided that *"[d]ue to the nature and scope of exempt positions, a certain amount of work beyond the normal workweek is expected in situations where business demands require it."* (SOF ¶ 18) (emphasis added).

Plaintiffs accepted, and continued, employment in their positions after receiving this information. (SOF ¶¶ 11, 14).

Aon thus compensated Plaintiffs with fixed salaries for all hours worked. (SOF ¶ 17). Plaintiffs typically worked a minimum of 37.5 hours per week. (SOF ¶ 20). The actual hours

worked by Plaintiffs, however, varied based upon business needs and work volume.[1] (SOF ¶ 21). The actual hours worked also depended upon factors such as client renewal periods and client needs. (SOF ¶¶ 21-24).

Aside from the April 2008 filing of the Illinois action and the May 15, 2008 filing of the New York action, there have been no other external or internal complaints filed by any of the Plaintiffs regarding the classification of their positions as exempt or their receipt of a salary in exchange for all hours worked. (SOF ¶ 25).

### III. ARGUMENT

Aon's Motion for Partial Summary Judgment should be granted because the Seventh Circuit's decision in <u>Urnikis-Negro</u>, involving a misclassification claim under the FLSA, applies to the claims asserted in both the Illinois and New York actions. <u>Urnikis-Negro</u> requires applying the fluctuating (or "FWW") method of calculating overtime damages because it is undisputed that Plaintiffs' respective fixed salaries were intended to compensate each Plaintiff for all hours worked. Aon's Motion for Partial Summary Judgment should therefore be granted as a matter of law.

#### A. Legal Standard For Motions For Summary Judgment

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that

---

[1] Plaintiffs' claims that they worked in excess of 40 hours per week, and the remainder of their versions of the facts, are taken as true only for purposes of this motion.

party's case, and on which that party will bear the burden of proof at trial." See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In determining whether there is a genuine issue of fact, the Court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. Foley v. City of Lafayette, 359 F.3d 925, 928 (7th Cir. 2004). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (internal quotation marks and citation omitted). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." (Id.). As set forth below, Plaintiffs cannot establish a genuine issue of material fact as to the existence of a mutual understanding that Plaintiffs' respective salaries were intended to compensate them for all hours worked in a week.

### B.  Defendants' Motion For Partial Summary Judgment Must Be Granted

#### 1.  Urnikis-Negro And Other FLSA Decisions Apply To Both The New York And Illinois Actions

The Seventh Circuit's decision in Urnikis-Negro involved a misclassification claim under the FLSA like the one asserted in the New York action, and it is also binding precedent as to the IMWL claims asserted in the Illinois action. (SOF ¶¶ 1-3). The Seventh Circuit and Illinois courts have long recognized that FLSA decisions and regulations apply to claims asserted under Illinois wage laws because the IMWL's overtime provisions are analogous to the FLSA's overtime provisions. Urnikis-Negro, 2010 U.S. App. LEXIS 16126, at *21 n.3 (citing Condo v. Sysco Corp., 1 F.3d 599, 601 n.3 (7th Cir. 1993); Haynes v. Tru-Green Corp., 507 N.E.2d 945, 951 (Ill. App. Ct. 4th Dist. 1987); Ill. Admin. Code tit. 56, pt. 210.120 (2009) (FLSA regulations

are to be used in interpreting the IMWL)).

Specifically, the FLSA and IMWL both provide that non-exempt employees must receive overtime pay for working more than forty hours in a week at a rate of one and one-half times their regular rate of pay. 29 U.S.C. § 207(a)(1); 820 ILL. COMP. STAT. 105/4a(1). The regular rate of pay is the amount of compensation employees receive per hour. 29 C.F.R. § 778.109; Ill. Admin. Code tit. 56, pt. 210.420. "This does not mean that employers are compelled to pay their employees by the hour." Urnikis-Negro, 2010 U.S. App. LEXIS 16126, at *23 (internal citations omitted). The FLSA and IMWL specifically provide that non-exempt employees may be paid in a variety of ways, including, but not limited to, "a piece-rate, salary, commission, or some other basis, but in such case the overtime pay due must be computed on a basis of the hourly rate derived from such earnings." 29 C.F.R. § 778.109; Ill. Admin. Code tit. 56, pt. 210.420 (2009).

The FWW method of calculating overtime is one of many methods of compensating employees. 29 C.F.R. § 778.114(a); see also ILL. ADMIN. CODE tit. 56, pt. 210.430(f) (2009). The FWW method is applied when "there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime) for the hours worked each workweek, whatever their number, rather than for working forty (40) hours or some other fixed weekly period." (Id.). In those situations, the employee's regular rate of pay for a given week is calculated by dividing the fixed weekly wage by the total number of hours worked in that week. Urnikis-Negro, 2010 U.S. App. LEXIS 16126, at *49 (citing Missel, 316 U.S. at 580). The employee's overtime premium is then calculated at one-half the employee's regular rate of pay per week, because the employee has already been compensated at the regular rate for his or her overtime hours. (Id. at *30).

> **2. Plaintiffs Cannot Establish A Genuine Dispute As To The Fact That Plaintiffs' Fixed Salaries Were Intended To Compensate Them For All Hours Worked**

Aon's Motion for Partial Summary Judgment must be granted under <u>Urnikis-Negro</u>. In <u>Urnikis-Negro</u>, the plaintiff prevailed at trial on her FLSA misclassification claim. The trial court, however, rejected the plaintiff's request to calculate her overtime damages at a "one and one-half time" rate. <u>Urnikis-Negro</u>, 2010 U.S. App. LEXIS 16126, at *15-16. The trial court instead held that the FWW method of calculating an employee's regular hourly rate and overtime premium applied because the plaintiff understood that her fixed salary was intended to cover all of her hours worked, even if they exceeded 40 hours per week. <u>Id.</u> The Seventh Circuit affirmed, holding that the FWW applies in misclassification cases if an employee's salary is intended to compensate him or her for all hours worked in a given week. <u>Urnikis-Negro</u>, 2010 U.S. App. LEXIS 16126, at *49.[2]

In this case, Plaintiffs were explicitly informed and understood they would be paid a fixed salary for all hours worked, and their work hours could vary. (SOF ¶¶ 7-9). Those facts alone compel granting Aon's Motion.

Additionally, however, the Parties' undisputed conduct further demonstrates their mutual understanding that Plaintiffs' fixed salaries were intended to compensate them for all hours worked. <u>Urnikis-Negro</u>, 2010 U.S. App. LEXIS 16126, at *47 n.8 (holding that an agreement that the employee's fixed salary will cover whatever hours the employee works need not be in

---

[2] The Department of Labor ("DOL") likewise advises that employees are entitled only to the half-time premium payment when their employer determines that they have been misclassified as exempt from the FLSA's overtime requirement, if the employees "received and accepted the salary knowing that it covered whatever hours they worked." <u>See</u> DOL Wage & Hour Div. Op. Ltr. FLSA 2009-3, at 2 (Jan. 14, 2009). The DOL's direction is entitled to substantial deference from this Court. <u>See</u> <u>Auer v. Robbins</u>, 519 U.S. 452, 461 (1997).

writing and may be inferred from parties' conduct). See also Griffin v. Wake County, 142 F.3d 712, 716 (4th Cir. 1998), and Mayhew v. Wells, 125 F.3d 216, 219 (4th Cir. 1997) (both holding same). For example, in Urnikis-Negro, the Seventh Circuit held that the following conduct evidenced the parties' "clear and mutual understanding" that the plaintiff's weekly salary was intended to compensate her for all hours worked: 1) the defendant paid the plaintiff a fixed salary for all hours worked; 2) the plaintiff routinely worked many hours in excess of 40; and 3) the defendant never paid the plaintiff any premium for the overtime hours she worked. Urnikis-Negro, 2010 U.S. App. LEXIS 16126, at *47-49.

As in Urnikis-Negro, the parties engaged in the following conduct: 1) Aon paid Plaintiffs a fixed salary for all hours worked (SOF ¶¶ 7-20); 2) Plaintiffs allege that they routinely worked many hours in excess of 40 (SOF ¶¶ 21-24); and 3) Aon never paid Plaintiffs a premium for overtime hours worked (SOF ¶¶ 10-20). The parties' objective conduct thus evidences a clear and mutual understanding that Plaintiffs' salaries were intended to compensate them for all hours worked as a matter of law. Id.; see also Torres v. Bacardi Global Brands Promotions, Inc., 482 F. Supp. 2d 1379, 1381 (S.D. Fla. 2007) (granting defendant's partial motion for summary judgment as to how to compute overtime in misclassification action; FWW method applied where it was undisputed that employee was paid fixed salary for all hours worked).

It is also undisputed that Aon's express policy provided that exempt employees were not entitled to overtime pay and that "a certain amount of work beyond the normal workweek is expected in situations where business demands require it." (SOF ¶ 18). Plaintiffs continued their employment under the express terms of this policy throughout the relevant time period. (SOF ¶¶ 11, 14). Plaintiffs accepted their respective fixed salaries, without protest, regardless of the number of hours they worked throughout their employment. (SOF ¶¶ 11, 14, 19-25). These

facts go far beyond the facts presented in <u>Urnikis-Negro</u> and unquestionably establish that Plaintiffs' fixed salaries were intended to compensate them for all hours worked in a given week. <u>See</u> <u>also</u> <u>Zoltek v. Safelite Glass Corp.</u>, 884 F. Supp. 283, 285 (N.D. Ill. 1995) (FWW applied as a matter of law where plaintiff was paid for all hours on salaried basis, his work hours varied, and he accepted his paychecks and continued his employment without protesting compensation).

Thus, even if Aon erroneously classified any of the CSU or PMU specialist positions as exempt from the IMWL's or the FLSA's overtime requirements, Plaintiffs' request to apply a "time and one-half" methodology of calculating overtime fails as a matter of law. Instead, any overtime backpay damages that Plaintiffs may be able to establish must be calculated at one-half their regular rate of pay, per week, under the FWW methodology. <u>Urnikis-Negro</u>, 2010 U.S. App. LEXIS 16126, at *30, *49.

## IV. CONCLUSION

Accordingly, this Court should grant Aon's Motion for Partial Summary Judgment and dismiss this element from Plaintiffs' prayers for relief, with prejudice. This Court should further order that if any Plaintiff establishes liability in this matter, overtime damages will be calculated at a half-time rate under the FWW method.

Dated: September 24, 2010      Respectfully submitted,

                                                          AON RISK SERVICES, INC. OF MARYLAND & AON RISK SERVICES NORTHEAST, INC.

                                                          By:    *s/Jody A. Boquist*
                                                                   One of Their Attorneys

Jody A. Boquist (#06209561)
John A. Ybarra (#06196983)
Jeremy W. Stewart (#6293884)
LITTLER MENDELSON, P.C.
321 N. Clark Street, Suite 1000
Chicago, IL  60654
312.372.5520

## **CERTIFICATE OF SERVICE**

I, Jody A. Boquist, an attorney, do hereby certify that I caused a copy of the foregoing upon the following parties via this Court's Electronic Case Filing System on or before 5:00 p.m. on September 24, 2010

John W. Billhorn
Billhorn Law Firm
jbillhorn@billhornlaw.com

Steven Bennett Blau
Shelly A. Leonard
Jason T. Brown
Blau, Brown & Leonard LLC
sblau@bbpc-law.com
sleonard@bbpc-law.com
jasontbrown@bbpc-law.com

Matthew H. Armstrong
Schlichter, Bogard & Denton, LLP
matt@mattarmstronglaw.com

*s/Jody A. Boquist*