UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AON CORP. WAGE & HOUR        )
EMPLOYMENT PRACTICES         )          08 C 5802
LITIGATION                   )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

The parties to this action have filed cross-motions for summary judgment. Defendants Aon Risk Services Northeast, Inc. and Aon Risk Services, Inc. of Maryland (collectively, "Aon") have submitted a motion for partial summary judgment on the appropriate method for calculating potential damages in this case. Plaintiffs Angela J. Piersanti and Denise Mariette Miller have filed a cross-motion for summary judgment on the same issue. For the reasons set forth below, Defendants' motion is granted and Plaintiffs' motion is denied.

## BACKGROUND

Plaintiffs Angela Piersanti, Joyce Cooper, Denise Miller, Maurice Craig, Janet Holmes, and Wendy Caesar (collectively, "Plaintiffs") are current and former Aon employees who previously worked as client specialists in two Aon subdivisions: the Client Services Unit ("CSU") and the Policy Maintenance Unit ("PMU").[1] Plaintiffs

---

[1] Aon contends that we should not credit Plaintiffs' responses to Aon's fact statements which cite to portions of the record that do not contradict the challenged statement. Under

held client specialist positions in the CSU offices in Glenview, Illinois, and New York as well as the PMU facility in New York.

At the time Plaintiffs accepted their positions as client specialists, Aon advised them about certain aspects of their compensation structure for their new jobs. Specifically, Aon notified Plaintiffs that they would be paid fixed salaries and that their positions were classified as exempt from the relevant overtime statutes. Additionally, Aon apprised Plaintiffs that, though they would normally be expected to work 37.5 hours a week, their hours would vary from week to week and their fixed salaries were intended to compensate them for all hours worked. After receiving these notifications, Plaintiffs understood that their respective hours worked in a given week would vary depending on business needs. Plaintiffs continued their employment as client specialists for years without protesting their compensation.

---

Local Rule 56.1, a non-moving party wishing to dispute one of the moving party's statements of fact must provide a specific citation to the record that supports the challenge. Local Rule 56.1(b)(3)(B). The moving party's statements of fact are deemed admitted unless controverted by a supported statement of the non-moving party. *See* Local Rule 56.1; *Powers v. Dole*, 782 F.2d 689, 695 (7th Cir. 1986) ("[c]onclusory allegations that have no factual support are insufficient to create a genuine issue of material fact[]"). Some of Plaintiffs' responses cite to testimony, sworn statements, and documentary evidence that do not controvert the challenged fact. By operation of the rule, any statement disputed without a basis in the record will be deemed admitted. Accordingly, the following background section consists of Aon's uncontroverted facts as well as any additional statements submitted by Plaintiffs that conform to Local Rule 56.1.

Aon also maintained an Employee Handbook that they made available to Plaintiffs soon after their hire. The Handbook made clear that individuals who held exempt positions, such as those held by the Plaintiffs, were not entitled to overtime pay and would not have pay docked for most partial-day absences. The Handbook explicitly stated that "due to the nature and scope of exempt positions, a certain amount of work beyond the normal workweek is expected in situations where business demands require it." Plaintiffs had access to the Handbook throughout their employment with Aon.

Plaintiffs filed two separate lawsuits seeking damages from Aon for alleged deprivations of overtime pay as a result of Aon improperly classifying Plaintiffs and other former Aon client specialists as administrative employees. On April 4, 2008, Plaintiffs Piersanti and Cooper filed suit against Aon alleging they were denied overtime pay in violation of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS §§ 105/1-12, and other related statutes. On May 15, 2008, Plaintiffs Miller, Craig, Holmes, and Caesar filed suit against Aon asserting they were incorrectly classified as administrative employees and denied overtime wages in violation of Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 216(b).[2]

---

[2] The parties agree that the relevant portions of FLSA and IMWL are coextensive and that federal decisions interpreting the FLSA also apply to Plaintiffs' claims asserted under IMWL. *See Condo v. Sysco Corp.*, 1 F.3d 599, 601 n.3 (7th Cir. 1993). We will limit our discussion to whether either party has established their entitlement to judgment as a matter of law under FLSA only.

Aon now moves for partial summary judgment on damages only and asks that the court conclude as a matter of law that any potential unpaid overtime damages award be calculated using an overtime premium of one-half the employee's regular hourly rate. Plaintiffs have filed a cross-motion for partial summary judgment on the same issue and request that we calculate a putative overtime damages award with an overtime premium of one and one-half times the employee's regular hourly rate.

## LEGAL STANDARD

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could find for the nonmovant. *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir. 1994). The movant in a motion for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact by specific citation to the record; if the party succeeds in doing so, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue of fact for trial. Fed. R. Civ. Proc. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In considering motions for summary judgment, a

court construes all facts and draws all inferences from the record in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

When parties file cross-motions for summary judgment, each motion must be assessed independently, and denial of one does not necessitate the grant of the other. *M. Snower & Co. v. United States*, 140 F.2d 367, 369 (7th Cir. 1944). Rather, each motion evidences only that the movant believes it is entitled to judgment as a matter of law on the issues within its motion and that trial is the appropriate course of action if the court disagrees with that assessment. *Miller v. LeSea Broadcasting, Inc.*, 87 F.3d 224, 230 (7th Cir. 1996).

With these principles in mind, we turn to the parties' motions.

## DISCUSSION

Aon argues that it is entitled to summary judgment on the damages calculation question based on the Seventh Circuit's recent decision in *Urnikis-Negro v. American Family Property Services*, 616 F.3d 665 (7th Cir. 2010). In *Urnikis*, the Seventh Circuit held that the fluctuating workweek ("FWW") method must be used to calculate damages in FLSA actions in which the plaintiff received "a fixed weekly sum for any and all hours that she worked" in a given week. *Id*. at 681. Under the FWW approach, the court first calculates a plaintiff's regular rate of pay for a particular week by dividing her weekly salary by the total number of hours that she works that week,

including overtime hours. *Id*. (citing *Overnight Motor Transp. Co., Inc. v. Missel*, 316 U.S. 572, 580 (1942)). To ascertain the amount of compensation the plaintiff should receive for unpaid overtime that week, the court then multiplies the number of hours the plaintiff worked in excess of forty by one-half of the regular rate of pay. *Id*. at 675.

Aon contends that *Urnikis* requires the application of the FWW method of damages calculation in this case because Plaintiffs received a fixed weekly salary for all hours worked in a particular week. Though the record contains no evidence of an explicit agreement between Aon and the Plaintiffs as to the form of their compensation, one can infer such an agreement from the parties' conduct. *Id*. at 681 n.3 (an agreement that an employee is to be paid a fixed salary for whatever hours worked "may be inferred from the parties' conduct[]"). Plaintiffs received notice from Aon upon hiring that their hours would change depending on business needs but their weekly salary would remain unchanged and no overtime compensation would be provided. Aon also reiterated the variable nature of Plaintiffs' hours and the consistent character of their salaries in the Employee Handbook which Plaintiffs had access to throughout their employment. Plaintiffs' deposition testimony and affidavits confirm their comprehension of their compensation structure. Plaintiffs repeatedly stated they were aware they would sometimes have to work more than the expected 37.5 hours a week and that their salary would not change depending on the amount of hours they worked.

As a result of Aon's repeated admonitions to Plaintiffs and Plaintiffs' stated recognition of the substance of those admonitions, we find that an agreement between Plaintiffs and Aon to provide a fixed wage for whatever hours Plaintiffs worked in a given week may be inferred from the parties conduct. Our finding that such an agreement exists requires the application of the FWW method of damages calculation in this case. *Id*. at 681.

Plaintiffs respond that summary judgment is inappropriate because Aon has not presented sufficient evidence of a clear mutual understanding between the parties regarding their compensation. Plaintiffs pluck the "clear mutual understanding" language from an interpretive rule issued by the Department of Labor. 29 C.F.R. § 778.114(a). The rule provides employers may compensate employees who are subject to FLSA's overtime provisions using a fixed wage for variable work hours but only when a clear mutual understanding of the compensations terms exists. *Id*. Despite the rule's potential relevancy to the conduct at issue here, the Seventh Circuit held that § 778.114(a) "does not supply the proper analytical framework for a determination of damages" in FLSA overtime actions. *Id*. at 681. Given the Seventh Circuit's rejection of the § 778.114(a) analysis, we find that the "clear mutual understanding" language used in that interpretive rule does not supply the appropriate standard for determining whether FWW method should be employed in this case. Even if that standard did apply, precedent from other Circuits suggests that Aon would still be entitled to summary

-7-

judgment. *See Mayhew v. Wells*, 124 F.3d 216, 219 (4th Cir. 1997) (finding clear mutual understanding prevailed between employer and employee based on similar factual showing).[3]

## CONCLUSION

Aon's motion for summary judgment is granted. Plaintiffs' motion for summary judgment is denied.

Charles P. Kocoras
United States District Judge

Dated:   January 26, 2011

---

[3] Plaintiffs also ask that we disregard the Seventh Circuit's ruling in *Urnikis* because the ruling contradicts the policy behind FLSA. As a district court within its jurisdiction, we are bound to apply Seventh Circuit precedent. Plaintiffs may, if they choose, ask the Seventh Circuit to reconsider their holding in *Urnikis* at some later time.