IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AON CORP. WAGE & HOUR EMPLOYMENT PRACTICES LITIGATION | Case No. 08 CV 5802<br><br>Hon. Charles P. Kocoras<br><br>Magistrate Judge Susan E. Cox |

## FINAL APPROVAL AND JUDGMENT ORDER

This cause is now before the Court on the Joint Motion for Final Approval of the Joint Stipulation of Settlement and Release between Plaintiffs Angela Piersanti, Joyce Cooper, Denise Miller, Meaux Craig, Janet Holmes and Wendy Caesar as Settlement Class Representatives and Aon Risk Services, Inc. of Maryland, Aon Risk Services Northeast, Inc. and Aon Risk Services Companies, Inc. (collectively "Aon"). Pursuant to the Court's May 12, 2011 Order preliminarily approving the proposed settlement, this action is before the Court for a Fairness Hearing on August 16, 2011, to consider the matter set forth in the Preliminary Approval Order. Due notice of the hearing has been given pursuant to the Court's May 12, 2011 Order and all members of the Class have been provided the opportunity to file timely objections to the proposed Joint Stipulation of Settlement and Release as described in the Notice of Proposed Class Action Settlement and Notice of Collective Action Settlement. The Court has considered the matter, all of the submissions filed, and the oral presentation of counsel at the hearing,

IT IS HEREBY ORDERED THAT:

1.  This Court has jurisdiction over the claims at issue in this action, as well as over the Parties.

2.  Plaintiffs filed Complaints in the Northern District of Illinois and the Southern District of New York, which were combined in the MDL action. Substantial discovery has been

initiated and completed in this case. Subsequent to discovery, the Parties engaged in extensive mediation and settlement discussions. The Parties kept the Court informed of the status of their settlement efforts. The Parties reached agreement and entered into a Joint Stipulation of Settlement and Release pertaining to all matters in both Complaints.

## I.     Certification of Rule 23 Settlement Class

3.     The Court has considered the pleadings and arguments made by the Parties in support of the motion for final approval. The Court finds that the proposed Settlement Class is proper and should be certified. Solely for purposes of the Settlement, a Settlement Class is hereby certified pursuant to Federal Rule of Civil Procedure 23 as follows:

> All current and former employees of Aon during the statutory period who worked at least one hour of overtime and were not given overtime compensation in alleged violation of the Fair Labor Standards ("FLSA"), Illinois Minimum Wage Law ("IMWL") and/or New York Labor Laws § 198 and 12 N.Y.C.R.R. Part 142 ("New York Labor Laws"), while working as:
>
> 1) Senior Client Specialists, Client Specialists, and/or Associate Client Specialists in Aon's Illinois Aon Client Services Division, Client Services Unit ("CSU") who did not opt out of that Rule 23 Class by July 20, 2010 pursuant to the Court's Notice; and/or
>
> 2) Senior Client Specialists, Client Specialists, and/or Associate Client Specialists in Aon's New York Aon Client Services Division, CSU and opted-into that FLSA Collective Action Class by July 20, 2010; and/or
>
> 3) Senior Client Specialists, Client Specialists, and/or Associate Client Specialists in Aon's New York Aon Client Services Division, Policy Maintenance Unit ("PMU") and opted-into that FLSA Collective Action Class by July 20, 2010.

Applying the factors set forth in Rule 23(a) and Rule 23(b)(3), the Court determines that it is appropriate to certify said Class for settlement purposes.

4. The Court specifically finds: (a) the Settlement Class is so numerous that joinder is impracticable; (b) questions of law and fact are common to the Settlement Class; (c) the claims of the representative Plaintiffs are typical of the claims of the Settlement Class; and (d) the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class. Further, in the context of settlement, the Court specifically finds that the Settlement Class meets the predominance and superiority requirements of FRCP 23(b)(3). Certification of the Class for settlement purposes is the best means for protecting the interests of all of the Settlement Class Members.

5. In the event the Joint Stipulation of Settlement and Release does not become finally approved or effective due to an appeal or any other reason, then this class certification is null and void, shall no longer be in effect and shall not be used or referred to for any further purpose in this action or any other action or proceeding. In such event, no party shall have waived the right to seek approval of or challenge/contest class certification in this case.

## II. Certification of FLSA Collective Action Settlement Class

6. The parties' jointly move to certify the FLSA Collective Action Settlement Class under FLSA Section 216(b) solely for purposes of settlement. The Court finds that the proposed Collective Action Settlement Class is proper and should be certified pursuant to FLSA Section 216(b). The Notice of Collective Action Settlement Class is defined as:

> (a) Senior Client Specialists, Client Specialists, and/or Associate Client Specialists in Aon's New York Aon Client Services Division, CSU and opted-into that class by July 20, 2010; and/or
>
> (b) Senior Client Specialists, Client Specialists, and/or Associate Client Specialists in Aon's New York Aon Client Services Division, Policy Maintenance Unit ("PMU") and opted-into that class by July 20, 2010.

7. Pursuant to FLSA Section 216(b) this Court approves final certification of the FLSA Collective Action Settlement Class for purposes of settlement because: (a) the settlement was reached as a result of contested litigation to resolve bona fide disputes between the parties; (b) the settlement was the result of numerous rounds of arms length negotiation, with and without the assistance of a mediator and a U.S. District Court Magistrate Judge; (c) the parties were represented by counsel in the litigation and during settlement negotiations, and (d) the settlement was the result of the uncertain legal and factual issues involved.

8. In the event the Joint Stipulation of Settlement and Release does not become finally approved or effective due to an appeal or any other reason, then this Collective Action Class certification is null and void, shall no longer be in effect and shall not be used or referred to for any further purpose in this action or any other action or proceeding. In such event, no party shall have waived the right to seek approval of or challenge/contest class certification in this case.

### III. Class Counsel, Representatives, Notices and Administration

9. Solely for the purposes of the Settlement, the Court approves Blau, Brown & Leonard, LLC and John Billhorn as Class Counsel. The Court also hereby approves Angela Piersanti, Joyce Cooper, Denise Miller, Meaux Craig, Janet Holmes and Wendy Caesar as the Settlement Class Representatives.

10. As noted in the Preliminary Approval Order, the Court approves, as to form and content, the Notice of Proposed Class Action Settlement and Notice of Proposed Collective Action Settlement. The Court further finds that the distribution of the Notices met the requirements of Federal law and due process, and were the best Notices practicable under the circumstances. The Notices constitute due and sufficient notice to all individuals entitled to notice of the Joint Stipulation of Settlement and Release in this case. The Notices properly

informed the settlement class members and collective action class members of the formula for distribution of benefits under the settlement, as well as the date of the Fairness Hearing for the settlement. The contents of the Notices, accordingly, satisfied all of the requirements of FLSA Section 216(b), Rule 23 and due process.

11. Second, the Court finds that the methods employed by the Parties to identify Settlement Class Members were reasonable. The Notices were disseminated by the Settlement Claims Administrator. Class Counsel provided the Settlement Claims Administrator a list of all class members that was drawn from a computerized database. As required by the Court in its Preliminary Approval Order, the Settlement Claims Administrator provided individual notice to each Settlement Class Member for whom deliverable addresses were obtained. The Settlement Claims Administrator kept records of all notices returned for any reason and made substantial efforts to determine recent addresses for returned notices and forwarded new notices. Accordingly, the Court finds that the method of identifying Settlement Class Members, as well as the timing, form, content and method of disseminating the individual notice to those persons, comported with due process and the requirements of Rule 23 and FLSA Rule 216(b).

12. Due and adequate notice of the proceedings was given to the Settlement Class and a full opportunity was offered to the Settlement Class to participate in the fairness hearing. All Settlement Class Members, except those who timely requested exclusion, are therefore bound by this Final Order and Judgment.

13. The Court held a hearing to consider the fairness, reasonableness and adequacy of the proposed settlement and was advised that there were only two opt-outs and no objections to the Joint Stipulation of Settlement and Release.

14. The Court has considered the merits and risks in this case as well as the lengthy settlement negotiations.

15. The settlement of this case was not the product of collusion between Plaintiffs and Defendants or their respective counsel, but rather was the result of bona fide and arm's-length negotiations conducted in good faith between Class Counsel and counsel for Aon.

## IV. Final Approval Of Joint Stipulation Of Settlement, Final Order And Judgment

16. The Joint Stipulation of Settlement and Release and its terms are approved as fair, reasonable, just and adequate and in the best interests of the Class as a whole. The Joint Stipulation of Settlement and Release satisfied FLSA Rule 216(b), Rule 23 of the Federal Rules of Civil Procedure and due process requirements. To the extent, however, there is any conflict between the Settlement Agreement and this Order, this Order controls.

17. The Court approved the Parties' agreed-upon modification, due to space limitations, to include the agreed Release for the Rule 23 Settlement Class in the cover letters accompanying the settlement checks. The Release will be incorporated by reference on the back of the Settlement Class checks with the following statement:

> By endorsement of this check, my signature constitutes agreement to the Release as stated in the body of the letter attached with this check, incorporated here by reference.

18. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds that there is no just reason for delay and therefore directs entry of this Final Order and Judgment as a final judgment that is immediately appealable, and dismisses Plaintiffs' Complaints, with prejudice. The Court will retain jurisdiction for purposes of enforcement of the Settlement and Release.

19. In the event that the proposed settlement embodied in the Joint Stipulation of Settlement and Release does not become final for any reason, or in the event that the Joint

Stipulation of Settlement and Release becomes null and void, pursuant to its terms, then the Joint Stipulation of Settlement and Release and all orders entered in connection therewith shall become null and void, have no further force and effect and shall not be used or referred to for any purpose in this action or in any other case or controversy. In such event, the Joint Stipulation of Settlement and Release and all negotiations and related proceedings will not prejudice the rights of any and of the parties, all of whom will be restored to their respective litigation positions as of the date immediately preceding the finalization of the Joint Stipulation of Settlement and Release.

DONE and ORDERED this 16th day of August, 2011.

*Charles P. Kocoras*

United States District Court Judge
Charles P. Kocoras